case number 13 63965 Physi and others versus Presid and others arguments not per side. Miss came in fo appellants. Good morning, to reserve three minutes May. May it please the co on behalf of the appellan to acknowledge on behalf we understand that this c an arbitration award is n that is the party seeking we have a heavy burden be But we believe that even disregard standard is a d we have met it in this cas in the arbitration hearing of the law in three ways. manifest disregard of the that the claimant Mr Will reliance and support of h fraud and either common l Second, the panel should of the law that requires of a motion to dismiss in that a mandatory and autom and all the proceedings b pendency or during the pe to dismiss. And finally, disregard of the law that of personal earnings may judgment is rendered in a Does that really go to th panel's decision? I mean, auxiliary matter. Just th might be right, independe the attachment or not. Yo that the reason that the is important in overturni award is because not only disregard of the law, but panel showed partiality t and Physicians Insurance of 2011, several months b January. And it was parti to attach the earnings of the order, they stated th group could not pay any c had to determine before i that there was a legally of claim that my clients this money wrongfully and be entitled to receive th the merits have been deci later. It was a pretty, p of that right off the bat am I misunderstanding the I mean, it looked like th mistaken? Your honor, we there was a showing of fra of the motion to escrow a was a motion to dismiss p argued that Mr. Cup and P capital had not met their P. S. L. R. A. To legally a claim for fraud. The pa judgment and should not h order. If there was fraud requirements of the P. O. the security. Yes, I don' fault. Um, I mean, there showing that that fraud w guys were looting the mon supposed to let that drain of fiddling around with s requirement or something. look at it in the sense t out in one case. What's t case where there is where an allegation of fraud. T determination that my cli in September 2011. And to there is an allegation, n the facts may seem in the at that time, it was simp them to attach personal e before my clients had an for saying that an arbit an arbitrator under an ar has no such power. That i to in effect secure the p the award. What is that b it based on rules having arbitrators? Your honor, attaching personal earnin of procedure. It's a codi code. And but it's in a s say arbitrators may not d It does not say arbitrato not in one, both this iss issue really have to do w you import certain court arbitration proceedings? Well, your honor, we we d the statute in the Ohio R that personal earnings ca is a court procedural rul designed for defendants s earnings, their wages, th accounts are not attached a pot of money for plaint that those plaintiffs are to that money. So whether or whether we're in arbit escrow, right? He did. Th You cannot pay out the fu not an attachment, is it? an order that stated you that exists under state l an attachment under state want to say they showed s were asked to do somethi down the line and the arb won't do that. But this c We're just not going to a principles. They could pa a lawyer. And your honor, that it's not an attachme be an attachment in the s word attachment is defini But the effect of that or and the C. O. O. Presidio to pay be paid a salary a of the company to move fo moving along to the um uh matter. The matter of uh, under the timing rules, u to apply. But you didn't And the contract you opte of the American Arbitrati isn't that true? Your hon that stated that this, th place according to the tri again, we would submit th in any matter that is a s it does not distinguish w action is brought in court action is brought through might, but you're asking about the procedural rules of the P. S. R. L. A. Wha rules of the statute appl Your honor, we briefed the panel and if they determi rules did not apply, then cannot say to this court but we do not believe that We've got no authority. O is what you're telling me correct. John. Okay. When you just said that you di came out to the contrary. But then you said, but th I didn't quite. They did. that the P. S. L. R. A. W that the second amended s that was filed by the cla insurance capital. Mr. Cu and in their arbitration panel stated that they re the P. S. L. R. A. And th that it was legally suffi our motion to dismiss. So decision that's just as e and deference as any othe mean, it's a merits decis we think that the importa that they didn't apply th procedural necessarily pro but the consequences that because they did not impo they allowed the motion t forward before they decid to do not to dismiss. And their order, their septemb the wages. And this all m because it shows bias on because obviously there's typically with this sort and stuff in an arbitratio And we, what we are argui that occurred in september the final hearing in Janu results of that was as we the panel issued an award insurance capital and Mr. theories of fraud. And eac each of those legal theori of justifiable reliance. even without a transcript testified. So the panel f cup, despite the fact tha any testimony. Let's back now arguing that uh the p biased and aberrational, without a transcript. And you personally, but you o side didn't ask for a tra didn't ask for a reasoned reason one, but you didn' things. And now you come limited standard of revie to sort of infer, you kno thing early in the case t panel and notwithstanding the BMWs and all the appa that went on with your cl a biased proceeding. I me that here? Your honor, we to infer because we do un don't have the transcript actually occurred at the do have proof in the form award. And although it is of fact and conclusions o several laws that the pan Mr Cup and the physician' had met in order to be aw it lists all of those law of proof for each of those requirement of justifiable though we don't have a tr that Mr Cup, who is an in the arbitration, did not he didn't testify, then h any evidence of his justi there? No. Is there no la or by arbitrators can mak a material omission allow of reasonable reliance? N of this case. There wasn' on the market theory here who testified on behalf o capital could not also te claim of another person. what they've argued is th to testify for everybody. we don't have a transcript argue saying if one perso that's and there's a mater no, that's no evidence th would justifiably rely. W that one individual can s person that has an individ Okay. Have you looked at Schottenstein's ox and do Schottenstein's ox and do there's a quotation from a presumption of reasonabl from a material omission. is up. So I have an answe if you're not familiar wit I am your honor, but we s case, we have an individua $1 million of his own mon from the other individual entity in the case. And b a transcript, we cannot s testifying. Thank you. Co time for rebuttal. Good m I am Mary Beth Deavers an of the Apple East Physici and William Cup. To start that there was a manifest law with respect to what with regard to the federa laws and the common law c deceit. What what is we'r not whether the arbitrati correct. We are here to d the district court was co that there was insufficien to uphold their motion to there was no record, ther was no findings of fact, The district court held t reviewed what the disrega was not sufficient evidenc that narrow standard. And even in their addressment at the hearing regarding and the issues of relianc of manifest weight of the used on an evidentiary ap disregard of the law. And disregard of the law requ principle that the arbitr heed. They have to make a not to apply that law. It vacate based on mistake. of interpretation of fact of law. But that is what you to do. It is clear fr they looked at the federa they looked at the Ohio s they looked at Ohio common findings. They did make s that the P. P. M. Circula there was $50 million in I mean it says it and wher as well as the P. P. M. S Gary Schneidemiller told that. And he told him a l and Dr Felter told him a l and contrary to appellant are not inconsistent stat consistent with the P. P. that we cannot use the aff not appropriate as they'r they are disputed for a g Schneidemiller's affidavi pages. It's 200 paragraphs in great detail. All the in the P. P. M. Not once d the P. P. M. Said the mod was completed. It was acq dollar in gold was our bi So tantamount to a determ to vacate, you have to ha and they didn't have that to allow, should I stop? arbitration award to be v affidavits as requested h a road map for all arbitr to figure out how to vacat We simply don't decide we a court reporter. We're n a transcript. We're not g decision based on findings of law. We're just gonna is and then submit a bunc takes finality of arbitra away and subjects the dis court to battling affidav far as the P. S. L. R. A. sort of a non sequitur. U escrow is not even govern it says is a motion to di shall be stayed in this m state because the appellan one document produced any list, witness list, nothi day of hearing. So they n anything. They didn't eve in november after the mot granted. And again, the a not ignore the P. S. L. R. that on july 29 there was and it was discussed. Shu they denied the motion to in their award that the S claims they were complain pled. And I think notably record before the district to dismiss and the second of claims. So there's no court to even fair it out It was their burden to pr didn't. Can I ask you som award issue? I've heard t and I looked at the triple B says the arbitrator nee award unless the parties an award. Does that mean it, you would have had to be rendered? I think the held that both parties ha there was no disagreement the record. So I'm not ev to tell you. But at the h attend and they did not. asked us, do you want one said, whatever you want t Mr. Vori said, I don't ca your statement of what ha be on a transcript. If th a transcript, you know, a didn't attend. You mean t today? Yes, they weren't I was there, they were no They weren't pro se. They rules. Yes, technically t for it. You could have ob could have, but they didn that for a fact. No, no, did. And whether it is or because, I mean, if you r stuff, nobody really knows I mean, sort of strange, to ask this because now y about what happened. Um, Um, uh, the district jud the affidavits of what ha he didn't strike them. He not to consider them or n weight. I'm not exactly s he said he wasn't strikin That seems to me a reason he has no transcript to c I'm just wondering about to do when there is no tr dispute is about things t hearing and there's no tr what are we supposed to d it's any different than r level, even at a trial cou proceeding, if they fail on the record, then you c you turn it down. It's th does that mean that the a be so wrong that in the u couldn't say this decisio disregard without knowing the hearing. That could h happen if you have someth let's say the facts say t statute should apply and not, we're going to disre be very blatant if that d And as far as what happen I mean, there's no case s all by themselves are goi fact, there's no case rea affidavits are okay except out of district court in case they had findings of of law or a transcript or award that took care of t is what happened at the h take a risk going to arbi whether you're going to g you, it's less expensive, and you give up some of t go on and on and on throu And if you want to make s have a record just in cas one. And it's actually th order that said, let the something who your court be. And if in fact there all this partiality that to dismiss under the PLS. motion to escrow, they sh had an unfair panel, a ro needed a transcript. And award, you can get a tran hook. You don't have to h it's either party can have party had one. So, um, an quickly, the motion to es with you, Judge Rustani, Uh, Presidium kept the mo have done several things they could have paid thei could have kept it in the Schneidemillers after thi prohibited by the PLS. R. only talks about discover see where that is even re was no harm. Um, not impo the PLS. R. A. Was not ne they never had to produce supposed to avoid is the filing a motion or a comp fraud and let's say again and asking for expensive their shareholders, all t of this. And so it calms no, let me let me make su is sufficiently pledged, analysis. And then, okay, in order. Now you can pro Interestingly, what they talk, tell the court and up in our briefs was they discovery. They sent out We oblige, we sent everyt when we tried to do disco got slapped with the moti there's a little bit of u on here. And if you don't I'll rest on my brief. Th Okay. In conclusion that ask that you affirm the d denying the motion to vac the arbitration award. Th time. You have three minu whereas I'd like to addre Judge Boggs made, which i be a situation where an a on its face that we can f law in the absence of a t is exactly what we are ar the one gentleman didn't apparently found reason t from other testimony. Per the panel stated on the f of the arbitration award his fraud case under any they enlisted section 10 or section 10 B of the Se Act Rule 10 B five Ohio R 7 41 A or common law frau of those legal theories r and Mr. Cup didn't testif his testimony. People can kinds of ways. The docume testimony. I mean the fac didn't apparently testifi point doesn't doesn't I d makes this, you know, the that this was a biased pa was put in apparently. An correctly stated, we cann presented. And so to argu who testified to what, wh said to whom is improperl because there is no trans need a transcript to know whose whose claim was hal award did not show up to And um I'd like to rest t on our briefs and we'd as that the district court a the district court's deci